DR. CARLOS ENCARNACIÓN VEGA, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN GERMÁN, Respondent.

No. 1165. Submitted May 12, 1945.—Decided May 31, 1945.

*Miguel del Toro Colberg* for appellant.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

By a deed dated October 12, 1944, David René Sosa Vázquez, owner of a rural property containing 13 acres (*cuerdas*), with the consent of his wife, segregated therefrom a parcel of land measuring 9.34 acres and sold it to Dr. Carlos Encarnación Vega, appellant herein. It was stated in said deed that, after such segregation was made, the remaining portion retained by the seller measured 3.66 acres having the description set forth in the sixth clause of the deed.

The registrar's decision denying the record sought is based on the ground that the portion of the main tract left after the segregation contains less than 5 acres without it having been shown that such subdivision has been authorized by the Planning, Urbanizing, and Zoning Board, in accordance with the provisions of Article 1 of the Subdivision Regulations, which reads as follows:

"Article 1.—Every subdivision (urbanization) of land, whether urban or rural, within Puerto Rico, shall be governed by the provisions of the present regulations which shall be known as Subdivision Regulations. For the purposes of these regulations, 'subdivision' means the division or redivision of a lot, tract, or parcel of land into two or more parts for sale, lease, transfer, or for new building, and includes urbanization as heretofore used in the legislation of Puerto Rico; *Provided,* That the division or subdivision of land in the rural zone for agricultural purposes shall be exempt from these regulations whenever the area of the remaining portion as well as that of each of the new properties is five (5) acres or more."

The terms of the above-quoted Article are quite clear and definite. In accordance therewith, the division of the property of 13 acres into two parcels, one containing 9.34 acres and the other, or remaining portion, 3.66 acres, should be considered as a subdivision. If the property had been divided into two parcels of 6.50 acres each, the subdivision would be exempt from the provisions of the regulations, as

in such case and in accordance with the provisions set forth in the first paragraph of Article 1, *supra,* "the area of the remaining portion as well as that of each of the new properties" would be greater than 5 acres. The subdivision in the present case is not exempt from the provisions of the regulations, because, even though the area of the new segregated property is greater than 5 acres, that of the remaining parcel, after the segregation, amounts to only 3.66 acres.

The second paragraph of Article 1, *supra,* provides that whenever "the remaining portion or the new properties respectively have an area of less than five (5) acres," the subdivision or division of a property may be expressly exempted from compliance with the regulations by the Planning Board. It further provides that, before recording said divisions or segregations, the registrar shall require from the interested party the submission of a certificate of exemption issued by the Board.

█ The appellant maintains—erroneously, we think— that the property of 9.34 acres acquired by him is recordable without the necessity of an express exemption, because, even though it is a new property, its area exceeds 5 acres, and hence the appellant is not the *interested party* to which the regulations refer. The appellant overlooks the fact that in order that the subdivision may be exempt from the provisions of the regulations and recordable without any dispensation granted by the Board, it is necessary that the area of the segregated property should be at least 5 acres and that the area of the remaining portion should also be not less than 5 acres.

Where the subdivision or segregation is not exempt from the provisions of the regulations, the interested party, for the purpose of the registry, is the person who applies for the recording of the deed whereby it is sought to carry out the subdivision.

The decision appealed from should be affirmed.